Daniels, J.
This action has been brought to recover an indebtedness for goods sold and delivered by the plaintiffs to the defendant, between the 22d of August and the 28th of September, 1887. The balance alleged to be unpaid is the sum of $5,744.23.
• The attachment was issued in the action on the ground that the defendant had assigned, disposed of, or secreted his property, with intent to defraud his creditors, and it was generally averred in the affidavit of one of the plaintiffs, detailing by way of information facts upon which the application was made, that he had assigned, disposed of, or secreted his property with intent to defraud his creditors. The particular manner in which it was set forth that this was done, was by a general assignment for the benefit of his creditors, and a suspected preceding abstraction, or disposition, of his property for that object.
But the facts as they have been disclosed do not support the truth of this general charge. The most that appears from them is, that in the early part of the summer of 1887, he represented himself to have stock on'hand amounting to the sum of $36,251.89, cash in bank $11,795.83, and accounts and bills payable, increasing the aggregate of those sums to that of $72,689.10, leaving a balance or surplus of actual capital in his business of $55,810.75. Between the time of the making of this statement and that of the assignment, it is sworn that he stated his business was prosperous,! and his circumstances still more favorable than they were at the time when the first statement was made. But there was no such difference between the stock owned by him and the amounts owing to him, at the time of his assignment, and the statement as to both, which he had previ-
. *400 ously made as will support the conclusion that he had disposed of or secreted any part of his property to defraud his •creditors.
For by the affidavit of Thomas Johnson, to whom, as an agent of the commercial agency, the formal statement of his affairs was made, it appears that on the day of the assignment the defendant reasserted the fact that his stock then amounted to $60,000 and that he had outstanding accounts aggregating $40,000, while the affiant states from the observation or examination made" by him that in his judgment the stock was then of the value of $40,000 and his outstanding accounts about $20,000, which together amounted to the sum of $60,000, being over $4,000 more than the aggregate of his property, and the debts owing to him at the time when the particularized statement was made to this affiant. And the accuracy of the judgment of Johnson was adopted by one of the plaintiffs in his affidavit, stating Jais belief that the defendant’s stock.did not amount to the sum of $40,000 and his outstanding accounts to $20,000. .Neither from these facts nor the other statements contained in the affidavit of this plaintiff has there been any reason presented for believing that the defendant had disposed of or secreted any part of his property, as that was alleged in the affidavit of this plaintiff. And the truth of the charge made cannot be assumed upon its mere general statement, but it must be fortified and supported by facts. The facts in this instance fail to sustain the truth of this charge, but on the contrary they support the conclusion that the defendant had made no such disposition as this of any part of his property. For he has proven to have had more on hand or under his control when the assignment was made than he had when the statement of his affairs was given to the agent of the commercial agency.
At the time of the assignment his liabilities were stated by him to amount to the sum of $116,000 while at no time, according to his preceding statement, did they then exceed the sum of $16,698.10. It is in these statements that the discrepancy in the condition of his affairs has been exhibited. They do not prove that he at any time had more property or stock in his business than the statements already mentioned indicate to have been the case.
But they establish the fact that his liabilities were probably under estimated after the statement given to the commercial agent. That must have been the truth if he owed no more than $16,598.10 in the latter part of June, 1881, and he owed $115,000 when he made his assignment on the 15th of December, 1881. In this respect he misrepresented his financial condition, and that’ is the most that the affidavit tends to establish he did. But for such a misrepre *401 sentation this attachment cannot be sustained. It has been issued upon the ground that he had disposed of, or secreted his property with intent to defraud, while the affidavits fail to prove that to be the fact, while at the same time they rendered it highly probable that he misrepresented the amount of his indebtedness. This is the only respect in which he has been proved by the officers to be culpable. But as a misrepresentation of that description will not sustain this attachment the order should be reversed with $10 costs and the disbursements, and an order entered vacating the attachment.
The case of Henry A. Cœsar v. Isaac Sickle, depends upon affidavits entirely similar to those which have been here considered and the same disposition should be made of it.
Van Brunt, Oh. J.-, and Brady, J., concur.